UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>     Plaintiff,<br><br>vs.<br><br>KATHLEEN ALLISON, Warden, *et al.*,<br><br>     Defendants. | Case No. 1:11-cv-001749-RRB<br><br>**ORDER DENYING**<br>**MOTION AT DOCKET 30** |

At **Docket 30** Plaintiff Ronald F. Martinez filed a Request for Appointment of Counsel. Generally, a state prisoner has no right to counsel in civil actions.[1] "However, a court may, under exceptional circumstances, appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these considerations is dispositive, instead they must be viewed together."[2]

This case presents a relatively straightforward Eighth Amendment excessive force claim. Neither the law nor the facts associated with excessive force claims are unduly

---

[1]    *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) (holding that there is no constitutional right to appointed counsel for § 1983 claims).

[2]    *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citations and internal quotation marks omitted).

complex.  The availability of *pro bono* counsel to represent indigent prisoners is limited.  While this Court is not unmindful of the value of the assistance of counsel, both to Plaintiff and the Court itself, this is not a case in which it is necessary to appoint counsel.

Accordingly, Plaintiff's Request for Appointment of Counsel at **Docket 30** is **DENIED**.

**IT IS SO ORDERED** this 27th day of August, 2014.

S/ RALPH R. BEISTLINE  
UNITED STATES DISTRICT JUDGE