UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>      Plaintiff,<br><br>vs.<br><br>KATHLEEN ALLISON, Warden, *et al.*,<br><br>      Defendants. | Case No. 1:11-cv-001749-RRB<br><br>**ORDER DENYING MOTION**<br>**AT DOCKET 55** |

At **Docket 55** Plaintiff Ronald L. Martinez filed a motion requesting recusal on the basis that this Court is biased or prejudiced. For the reasons that follow, the Court denies the Motion.

The relevant statutes provide:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.[1]

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:

---

[1] 28 U.S.C. § 144.

ORDER DENYING MOTION AT DOCKET 55
*Martinez v. Allison* 1:11-cv-01749-RRB – 1

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

   (i) Is a party to the proceeding, or an officer, director, or trustee of a party;

   (ii) Is acting as a lawyer in the proceeding;

   (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

   (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

(c) A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

(d) For the purposes of this section the following words or phrases shall have the meaning indicated:

(1) "proceeding" includes pretrial, trial, appellate review, or other stages of litigation;

(2) the degree of relationship is calculated according to the civil law system;

(3) "fiduciary" includes such relationships as executor, administrator, trustee, and guardian;

(4) "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party, except that:

   (i) Ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund;

        (ii) An office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;

        (iii) The proprietary interest of a policyholder in a mutual insurance company, of a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;

        (iv) Ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities.

(e) No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b) Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

(f) Notwithstanding the preceding provisions of this section, if any justice, judge, magistrate judge, or bankruptcy judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the justice, judge, magistrate judge, bankruptcy judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for the disqualification.[2]

Nothing in Plaintiff's motion falls within the scope of § 455. Nor is the motion legally sufficient to require recusal under § 144. Plaintiff's entire motion is predicated upon what he terms as erroneous ruling made by the Court. "[T]he alleged bias must usually stem from an extrajudicial source. . . . [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[3] Furthermore, because the motion is legally insufficient on its face, i.e., neither the truth or falsity of the statements made in the motion are at issue or decided, this

---

[2] 28 U.S.C. § 455.

[3] *Pesnell v. Arrsenault*, 543 F.3d 1038, 1143–44 (9th Cir. 2008) (citing and quoting *Liteky v. United States*, 510 U.S. 540, 554–56 (1994) (alterations by the Court).

Court need not either refer it to another judge for determination or hold a hearing.[4]  "Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to proceed no further in the case."[5]

Accordingly, Plaintiff's Motion of Bias or Prejudice of Judge [28 U.S.C. § 144] at **Docket 55** is hereby **DENIED**.

**IT IS SO ORDERED** this 19th day of November, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[4]  *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988) (citing and quoting *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978)); *see Berger v. United States*, 255 U.S. 22, 33–34 (1922) (holding that the judge against whom an affidavit of bias is filed may pass on its legal sufficiency because "the reasons and facts for the belief the litigant entertains are an essential part of the affidavit, and must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.").

[5]  *Azhocar*, 581 F.2d at 738 (internal quotation marks and citations omitted).