UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>          Plaintiff,<br><br>vs.<br><br>KATHLEEN ALLISON, Warden, *et al.*,<br><br>          Defendants. | Case No. 1:11-cv-001749-RRB<br><br>**ORDER REGARDING MOTION**<br>***IN LIMINE* AT DOCKET 48** |

## I.    PENDING MOTION

At **Docket 48** Plaintiff Ronald F. Martinez, a state prisoner appearing *pro se*, filed a Motion in Limine and Other Trial Procedure Motions. In his motion Martinez has identified seven (7) matters upon which he requests that the Defendant not be permitted to introduce evidence.

1.      The reasons or basis for Plaintiff's current incarceration, prior convictions, or plea agreements.

2.      Plaintiff's prior and subsequent prison disciplinary history;

3.      Plaintiff's gang affiliation, if any;

4.      Prior lawsuits or complaints filed by Plaintiff or others against the California Department of Corrections and Rehabilitation, its agents or employees;

5.      State Finances;

6.      Undisclosed expert testimony.

7.      Any reference to Plaintiff's being in possession of heroin.

Martinez also requests that at trial his shackles remain out of sight of the jury.

## II.   DISCUSSION

The sole issue before this Court is whether or not Defendant J. Davis used excessive force in restraining Defendant in violation of the Eighth Amendment and, if so, the extent of any injury Plaintiff suffered as a result thereof. Plaintiff does not appear to contest that the use of restraints violated any constitutional right or was otherwise improper.  In ruling on the motion before it the Court has reviewed the Screening Order,[1] Plaintiff's Preliminary Statement of Issues,[2] Plaintiff's Final Witness List,[3] Defendant's Preliminary Statement of Issues,[4] and Defendant's Witness List.[5]  Based upon that review, the Court makes the following determinations.

Except as otherwise provided herein:

1.      Only those witnesses properly disclosed and identified by the parties, or necessary rebuttal witnesses, will be permitted to testify, irrespective of whether identified as a lay or expert witness;

2.      Except to the extent that it may be offered under Federal Rule of Evidence 608 or 609, evidence of Plaintiff's prior criminal or wrongful conduct;

3.      Evidence of Plaintiff's gang affiliation, if any, will be excluded;

---

[1]  Docket 11.

[2]  Docket 49.

[3]  Docket 50.

[4]  Docket 53.

[5]  Docket 54.

4.      Prior lawsuits and/or complaints filed against the California Department of Corrections and Rehabilitation, its agents or employees will be excluded; and

5.      Evidence of State finances will excluded.

With respect to Plaintiff's request that any evidence or argument regarding his possession of heroin be excluded, the Court agrees that, with respect to the issues presented, any such evidence should be excluded.  Accordingly, any reference to Plaintiff's possession of heroin will also be excluded. The jury will be instructed that, for the purposes of  reaching their decision in this case, it will conclusively accept as fact that Plaintiff was properly placed on contraband surveillance watch, and that the use of the restraints used on Defendant was appropriate.[6]  The sole issues to be submitted to and decided by the jury are: (1) whether in placing the restraints on Plaintiff, Defendant used excessive force; and (2) if so, the extent, if any, of Plaintiff's injuries as a result thereof, and the amount of damages to be awarded therefore.

With respect to the shackling of Plaintiff at trial, it is the practice of this Court that, where the Plaintiff is a prisoner: (1)  Plaintiff be escorted into and out of the courtroom outside the presence of the jury; (2) in the absence of evidence that additional restraint is reasonably necessary, the sole restraint permitted in the presence of the jury will be leg shackles applied in a manner that precludes view by the jury; and (3) in the presence of the jury, the parties (or counsel) will address the Court, the jury, and question witnesses

---

[6]  In so doing, this Court specifically rejects any suggestion by Plaintiff in his motion that the reason for placing him on contraband surveillance watch ("CSW") was "fabricated." The reason for placing Plaintiff on CSW is irrelevant in this case.  The evidence also shows that the Defendant was not responsible for placing him on CSW.  Likewise, neither the necessity for nor the nature of the restraint used may be attributed to Defendant.

from counsel table, not the podium (standing if doing so would not reveal the shackling, otherwise while seated).

**III.    ORDER**

To the extent provided in the foregoing Part II, Plaintiff's Motion in Limine and Other Trial Procedure Motions at **Docket 48** is **GRANTED**. In all other respects the motion is **DENIED**.

Any objection to the terms of this Order must be served and filed not later than **December 31, 2014** .

**IT IS SO ORDERED** this 24th day of November, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE