UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RONALD F. MARTINEZ,

              Plaintiff,

        vs.

KATHLEEN ALLISON, Warden, *et al.*,

              Defendants.

Case No. 1:11-cv-001749-RRB

**ORDER REGARDING MOTION
AT DOCKET 52**

## I.    PENDING MOTION

At **Docket 52** Defendant J. Davis has filed a Motion for Protective Order to Redact Portions of Documents Produced Pursuant to October 15, 2014 Order entered at Docket 45.[1]   Plaintiff Ronald F. Martinez has opposed the motion,[2] and Davis has replied.[3] Defendant has submitted the unredacted documents to the Court for *in camera* review. The Court has reviewed the unredacted documents *in camera*.

In screening the Complaint the Court permitted Plaintiff to proceed on his excessive use of force claim against Defendant J. Davis.  All other claims and defendants were

---

[1] In that Order the Court directed Defendant to produce transcripts of the interviews conducted by Internal Affairs of the Defendant, C/O J. Davis, and all percipient witnesses into the allegations made by Plaintiff in his Complaint.  Attached to the motion and served on the Plaintiff, Ronald F. Martinez, were the redacted transcripts of the interviews of C/O J. Davis, C/O S. Beasley, Sgt. D. Johnson, C/O Vasquez, and C/O T. Alcantar.  Defendant also submitted the declaration of the custodian of records that these documents consisted of the transcripts of all recorded interviews of the Defendant and percipient witnesses.  Docket 52-1.

[2] Docket 63.

[3] Docket 64.

dismissed.[4]   Thus, the sole issue before the Court is whether or not the acts of Davis constituted a violation of Plaintiff's rights under the Eighth Amendment—nothing more. What is *not* before this Court is whether or not the actions of Davis violated the policy or internal rules/regulations of the California Department of Corrections and Rehabilitation ("CDCR").   That is, even if the actions of Davis violated CDCR internal policy/regulations, that, standing alone, does not provide any support for Plaintiff's claims in this Court. Relevant to the outcome in this case is whether or not Davis' actions rose to the level sufficient to constitute the use of "excessive force," in violation of the Eighth Amendment. Also relevant to resolution of the motion before the Court is the purpose of the recorded interviews.   The transcripts at issue were of interviews made in connection with an internal disciplinary investigation of an alleged violation of CDCR policy.

Addressing first the statements made by the four percipient witnesses:   C/O S. Beasley, Sgt. D. Johnson, C/O Vasquez, and C/O T. Alcantar.   The only relevant testimony that any of those four may give in this case is what they observed.   After reviewing the unredacted statements *in camera*, this Court has determined that the redacted statements provided to Plaintiff fully discloses the observations of the witnesses.   No part of the redacted material would be admissible into evidence, nor could it even remotely lead to the discovery of admissible evidence.   Accordingly, Defendant's motion for a protective order to that extent will be granted.

The transcript of the interview of Defendant J. Davis stands on a different footing. In the case of Davis, relevant to this case is what he did and why he did it, i.e., in response

---

[4]     Docket 11.

to what act of Plaintiff.   The acts of Davis are then measured against the standards applicable to an Eighth Amendment "excessive force" claim.   As explained in this Court's order regarding Plaintiff's Motion in Limine, "[t]he sole issues to be submitted to and decided by the jury are:  (1) whether in placing the restraints on Plaintiff, Defendant used excessive force; and (2) if so, the extent, if any, of Plaintiff's injuries as a result thereof, and the amount of damages to be awarded therefore."[5]

The Court having reviewed the transcript of the interview of Defendant Davis agrees with Defendant that, for the most part, the redacted material would not be admissible into evidence, nor could it even remotely lead to the discovery of admissible evidence. Accordingly, Defendant's motion for a protective order to that extent will be granted.   On the other hand, in three instances the redacted material has at least marginal relevance to the potential issues in this case.   Nor does it appear to the Court that, with respect to the material involved, disclosure to Plaintiff could be detrimental to the safety or security of the prison, its inmates or guards.   Accordingly, with respect to those three instances Defendant's motion for a protective order will be denied.

## II.   ORDER

Within **twenty-one (21) days** of the date of entry of this Order Defendant J. Davis must serve on Plaintiff a revised redacted copy of the interview of J. Davis in which the following material is *not* redacted:

1.      Docket 60, page 3 – All redacted material;

2.      Docket 60, page 13 – All redacted material; and

---

[5]  Docket 62, p. 3.

3.      Docket 60, page 18 – All redacted material.

In all other respects, the Motion for Protective Order to Redact Portions of Documents Produced Pursuant to October 15, 2014 Order entered at Docket 45, at **Docket 52** is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 10th day of December, 2014

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE