UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| RONALD F. MARTINEZ,<br><br>     Plaintiff,<br><br>vs.<br><br>KATHLEEN ALLISON, Warden, *et al.*,<br><br>     Defendants. | Case No. 1:11-cv-001749-RRB<br><br>**ORDER SUPERCEDING ORDER AT DOCKET 62** |
|---|---|

At **Docker 62** the Court entered its Order Regarding Motion *In Limine* at Docket 48. At **Docket 70** Plaintiff has moved for reconsideration of the Court's order in limine, and at **Docket 71** timely objected to that order. At **Docket 72** Defendant has also timely filed an objection to the Court's Order. The Court having considered the arguments and points raised by the parties in their objections has determined that the Order heretofore entered at **Docket 62** should be amended.

*Plaintiff's Objections*.

In his Motion for Reconsideration and his Objection Plaintiff raise two issues. First that at trial he be permitted to wear clothing that covers his arms to prevent the jury from seeing his gang tattoos. Second that the Court reverse its ruling with respect to the admissibility of evidence under Federal Rules of Evidence 608 and 609.

As to the first, the court will grant Plaintiff leave to wear otherwise suitable courtroom attire that will cover and prevent exposure of his arms. As to the second, the Court declines to rule on the admissibility of evidence under Federal Rules of Evidence 608 (character

evidence) and 609 (impeachment evidence) prior to the time it is proffered in accordance with the terms of those rules. Therefore, the Court declines to rule on its admissibility at this point in the proceeding.

*Defendant's Objection*

Defendant objects to the preclusion of evidence of Plaintiff's use of heroin on the day preceding the evidence. At this juncture in the proceedings the Court cannot determine with any reasonable degree of certainty the admissibility of that evidence. In particular, the Court cannot determine whether its probative value is substantially outweighed by its potential unfair prejudicial effect on the jury.[1] Accordingly, the Court also declines to rule on the admissibility of Plaintiff's use of heroin at this time.

Accordingly, the Order entered at **Docket 62** is hereby rescinded and the following order entered in lieu thereof.

1. Only those witnesses properly disclosed and identified by the parties, or necessary rebuttal witnesses, will be permitted to testify, irrespective of whether identified as a lay or expert witness;

2. Except to the extent that it may be offered under Federal Rule of Evidence 608 or 609, evidence of Plaintiff's prior criminal or wrongful conduct;

3. Evidence of Plaintiff's gang affiliation, if any, will be excluded;

---

[1] *See* Fed. R. Evid. 403, 404.

4. Prior lawsuits and/or complaints filed against the California Department of Corrections and Rehabilitation, its agents or employees, will be excluded;

5. Evidence of State finances will excluded;

6. Plaintiff will be permitted wear appropriate clothing that covers his arms to prevent view of his tattoos by the jury;

7. The admission of character evidence under Rule 608 and/or evidence proffered for impeachment purpose under Rule 609 will be determined at the time that it is sought to be introduced; and

8. The admission of evidence that Plaintiff had used heroin the day before the date of the incident will be determined at the time it is sought to be introduced.

9. With respect to the shackling of Plaintiff at trial, it is the practice of this Court that, where the Plaintiff is a prisoner: (1) Plaintiff be escorted into and out of the courtroom outside the presence of the jury; (2) in the absence of evidence that additional restraint is reasonably necessary, the sole restraint permitted in the presence of the jury will be leg shackles applied in a manner that precludes view by the jury; and (3) in the presence of the jury, the parties (or counsel) will address the Court, the jury, and question witnesses from counsel table, not the podium (standing if doing so would not reveal the shackling, otherwise while seated).

Plaintiff's Motion for Reconsideration at **DOCKET 70** is **DENIED** as moot.

**IT IS SO ORDERED** this 20th day of February, 2015.

                                                   S/ RALPH R. BEISTLINE
                                                   UNITED STATES DISTRICT JUDGE