UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RONALD F. MARTINEZ,

Plaintiff,

vs.

KATHLEEN ALLISON, Warden, *et al.*,

Defendants.

Case No. 1:11-cv-001749-RRB

**ORDER REGARDING MOTION IN LIMINE AT DOCKET 67**

At **Docket 67** Defendant J. Davis has moved for an order excluding: (1) evidence concerning his early retirement; (2) post orders for positions of search and escort officer and contraband surveillance watch officer; (3) evidence relating to the analysis or opinions rendered during CDCR's internal investigation of the event underlying Plaintiff's claim; (4) Plaintiff's own medical opinions concerning his injuries or conditions; (5) any physical demonstrations/re-enactments of the incident underlying Plaintiff's claims; and (6) evidence that Davis may be indemnified for any damages that may be awarded. Plaintiff has opposed the motion.[1] Although the time therefor has lapsed, Defendant has not replied.

The Court will address each item *in seriatim*. In reaching its decision the Court notes that the sole issue presented in this lawsuit is whether or not Davis used excessive force in restraining Plaintiff in violation of the Eighth Amendment's proscription on cruel and

[1] Docket 75.

unusual punishment.[2] Whenever prison officials stand accused of using excessive physical force in violation of cruel and unusual punishments clause, core of judicial inquiry is whether force was applied in good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.[3] As recently stated by the Ninth Circuit.

> We have previously identified five factors set forth in *Hudson* to be considered in determining how the above question should be answered; namely, "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response."[4]

The controlling principles underlying Defendant's motion are two-fold. First, is whether or not the evidence sought to be excluded is relevant, i.e., it "has any tendency to make a fact more or less probable than it would be without the evidence; and [¶] . . . the fact is of consequence in determining the action."[5] Second, is "its probative value substantially outweighed by its danger of . . .: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[6]

1. *Early Retirement*. Plaintiff's objections notwithstanding, the fact and/or circumstances of Defendant's retirement have no relevance to the issues presented or the facts underlying those issues.

---

[2] *See Whitley v. Albers*, 475 U.S. 312, 319–21 (1986).

[3] *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (quoting *Whitley*, 475 U.S. at 320–21).

[4] *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013) (quoting *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003)).

[5] Fed. R. Evid. 401.

[6] Fed. R. Evid. 403.

2. *Post Orders*. The issue before this Court is whether or not Davis used excessive force in violation of Plaintiff's constitutional rights. Whether or not Defendant's actions violated some internal rule or regulation governing Defendant's duties, while perhaps relevant to whether or not Defendant should be disciplined for violating those regulations, they are irrelevant to the Constitutional question before this Court. The Court has previously held that "post orders" are not admissible evidence.[7] Plaintiff's arguments that the Court should revisit this issue are unpersuasive.

3. *Analysis or Opinions Rendered during Internal Investigation*. This Court has also previously addressed the issue of the admissibility of the statements made during the course of the internal investigation.[8] The Court does not understand Defendant's current motion to seek to disturb that prior order. With respect to the balance of the internal investigation, i.e., the analysis and opinions rendered by the investigating or reviewing officials, the Court agrees with Defendant that, while they may be relevant to establishing violations of internal regulations and procedures, these are not only privileged, but irrelevant to the issue presented, i.e., the use of excessive force in violation of the Eighth Amendment. This is an issue to be submitted to the jury for a factual determination based upon the evidence presented at trial in accordance with appropriate instructions. The opinions or analyses rendered by others in the course of the investigation even if otherwise admissible,[9] are at best, of little if any relevance to assisting the jury in making its decision.

---

[7] Docket 45 at 3.

[8] *Id.* at 3–8. The Statements of Defendant and the percipient witnesses.

[9] *See* Fed. R. Evid, 701, *et seq* (expert testimony).

4. *Plaintiff's Medical Opinions*. The Court agrees with Defendant that Plaintiff, as a lay person, cannot testify as to the diagnosis, prognosis, opinions, inferences, or causation of his injuries. The Court understands Defendant's motion to seek to bar medical evidence concerning Plaintiff's injuries, or the causation thereof, to the extent that evidence is not propounded in accordance with the applicable rules of evidence. It does not preclude Plaintiff from describing the injuries he allegedly sustained. As so construed, Defendant's motion is well taken. *Nothing in this Order is to be construed as precluding Plaintiff from introducing relevant medical evidence in accordance with the applicable Federal Rules of Evidence.*[10] *Nor is it to be construed as precluding Plaintiff from testifying as to the injuries he contends he suffered as a result of Defendant's alleged conduct*.

5. *Physical Demonstrations/Re-enactments of the Incident*. The Court agrees with Defendant that to permit Plaintiff to re-enact the incident using the restraint clothing would be unduly time consuming and do little, if anything, to aid the jury in resolving the issues presented. It is evident from the record that the extent to which Plaintiff was restrained is in dispute. If Plaintiff is permitted to demonstrate to the jury his version of the extent of the restraint using the clothing, the Court would be required to permit Defendant to demonstrate his version of the extent of the restraint using the same clothing. To the extent it may be relevant, the parties may demonstrate the extent of Plaintiff's mobility without the necessity of using the clothing itself. Whatever probative value such a demonstration might have is outweighed by its delay, waste of time, and needless presentation of cumulative evidence.

---

[10] *See, e.g.,* Fed. R. Evid. 701–05 (expert testimony), 901–02 (record authentication).

6. *Indemnification Evidence*. Plaintiff does not contest exclusion of evidence that Defendant may be reimbursed by the State.

Accordingly, subject to the understanding as herein above provided, Defendant's Motion in Limine at **Docket 67** is **GRANTED**.

**IT IS SO ORDERED** this 27th day of April, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE