UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| RONALD F. MARTINEZ,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>KATHLEEN ALLISON, Warden, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:11-cv-001749-RRB<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT AT DOCKET 66** |
|---|---|

**I.　PENDING MOTION**

At **Docket 66** Defendant J. Davis filed a motion for summary judgment. Plaintiff Ronald F. Martinez, a state prisoner appearing *pro se*, has opposed the motion.[1] Defendant has not timely replied. This matter being ripe for decision, it is submitted for decision on the moving and opposing papers without oral argument.[2]

**II.　STANDARD OF REVIEW**

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment in its favor as a matter of law.[3] Support and opposition to a motion for summary judgment is made by affidavit made on personal knowledge of the

---

[1] Docket 86.

[2] LR 230(l).

[3] Fed. R. Civ. P. 56(c); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (*en banc*); *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989).

affiant, depositions, answers to interrogatories, setting forth such facts as may be admissible in evidence.[4]  In response to a properly supported motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue of material fact for trial.[5]  The issue of material fact required to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.  In order to show that a genuine issue of material fact exists a nonmoving plaintiff must introduce probative evidence that establishes the elements of the complaint.[6]  Material facts are those that may affect the outcome of the case.[7]  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party.[8]  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment."[9]  The evidence of the non-moving party is to be believed and all justifiable inferences are drawn in his favor.[10]  The moving party has the burden of showing there is no genuine issue of material

---

[4] Fed. R. Civ. P. 56(e).

[5] *Id.*; *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055–56 (9th Cir. 2002).

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[7] *Id*.

[8] *Id*.

[9] *Id*. at 255.

[10] *Id.*

fact; therefore, he or she bears the burden of both production and persuasion.[11]  The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial.  The moving party need only point out to the Court that there is an absence of evidence to support the non-moving party's case.[12]  There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion.[13]

In general, in ruling on a motion for summary judgment, a court may not weigh the evidence or judge the credibility of witnesses.[14]  Instead, it generally accepts as true statements made under oath.[15]  However, this rule does not apply to conclusory statements unsupported by underlying facts,[16] nor may the court draw unreasonable inferences from the evidence.[17]  "To survive summary judgment, a plaintiff must set forth non-speculative facts, not sweeping conclusory statements."[18]

### III. BACKGROUND/ISSUES PRESENTED

After he was found to have heroin in his possession, Martinez was placed on Contraband Security Watch ("CSW").  In screening the complaint the Court permitted

---

[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986).

[12] *Sluimer v. Verity, Inc.*, 606 F.3d 584, 586 (9th Cir. 2010); *see Celotex*, 477 U.S. at 325.

[13] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

[14] *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[15] *Earp v. Ornoski*, 431 F.3d 1158, 1170 (9th Cir. 2005).

[16] *Walker v. Sumner*, 917 F.2d 382, 387 (9th Cir. 1990).

[17] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *McLaughlin v. Liu*, 849 F.2d 1205, 1207–1209 (9th Cir. 1988).

[18] *Calfasso, U.S. ex rel. v. Gen Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1061 (9th Cir. 2011).

Martinez to proceed on his Eighth Amendment excessive force claim against J. Davis. All other claims were dismissed.[19]

The sole issue before this Court is whether or not Davis used excessive force in subduing Martinez. Martinez raises two issues in connection with his excessive force claim: (1) that in applying the restraints Davis used excessive and unnecessary force in forcing Martinez to the ground; and (2) after Martinez was forced to the ground, Davis stepped upon and ground his foot into Martinez's genitals.

## IV.   DISCUSSION

While this Court agrees with Davis that the injury suffered by Martinez may very well have been minimal, that is not the proper test. The Ninth Circuit has made clear that, where a constitutional violation is established, a plaintiff is entitled to recover nominal damages even in the absence of any actual injury.[20] While the extent of the injuries sustained may limit the amount of damages recovered, a prisoner need only prove that an assault was actually carried out "maliciously and sadistically, rather than as part of a good-faith effort to maintain or restore discipline."[21]

In the context of an excessive force claim, the Ninth Circuit has identified five factors to be considered: "'(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used;

---

[19] Docket 11.

[20] *See Hazle v. Crofoot*, 727 F.3d 983, 991 n.6 (9th Cir. 2013); *see also Padilla v. Yoo*, 678 F.3d 748, 754 (9th Cir. 2012) (plaintiff sought solely nominal damages).

[21] *Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

(4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response.'"[22]

The Court's review of the moving and opposing shows that there is a sharp dispute between Martinez and Davis concerning the relevant facts involved. Accepting as it must the facts as recited by Martinez,[23] in addition to the existence of at least nominal damages, the other relevant factors exist. That is, viewing the facts in the light most favorable to Martinez, there may have been neither a threat to Davis nor a need to apply force at all, let alone the amount of force exerted.

Finally the Court rejects Davis's qualified immunity argument. The Ninth Circuit has made clear that, because the constitutional prohibition against the use of excessive force is clearly established, qualified immunity is not an available defense.[24]

## V.   ORDER

Accordingly, Defendant's Motion for Summary Judgment at **Docket 66** is **DENIED**.

**IT IS SO ORDERED** this 27th day of April, 2015

S/ RALPH R. BEISTLINE<br>UNITED STATES DISTRICT JUDGE

---

[22] *Furnace v. Sullivan*, 705 F.3d 1021, 1027 (9th Cir. 2013) (quoting *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003)).

[23] In so doing, this Court disregards the descriptive adjectives used by Martinez as inflammatory, derogatory, and unnecessary.

[24] *Bruce v. Ylst*, 351 F.3d 1283, 1290 (9th Cir. 2003); *see Furnace*, 705 F.3d at 1028 (prohibition against excessive use of pepper spray clearly established).