UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RONALD F. MARTINEZ,

    Plaintiff,

vs.

KATHLEEN ALLISON, Warden, *et al.*,

    Defendants.

Case No. 1:11-cv-001749-RRB

**ORDER DENYING
MOTION AT DOCKET 101**

At **Docket 101** Plaintiff Ronald F. Martinez has requested that the Court appoint an expert witness to assist him in this case. Although the time therefor has lapsed, Defendant has not opposed the motion.

The *in forma pauperis* statute, which authorizes the court to appoint counsel, does not authorize the appointment of experts.[1] However, the Court may on its own motion or the motion of a party appoint an expert witness and allocate the costs of such an expert between the parties,[2] even in cases such as this in which a party is an indigent prisoner appearing *in forma pauperis*.[3] Such an appointment is within the discretion of the court.[4]

---

[1] 28 U.S.C. § 1915(e)(1); *see Singleton v. Lopez*, 577 Fed. Appx. 733, 736 (9th Cir. 2014).

[2] Fed. R. Evid. 706.

[3] *See McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *cert. granted, judgment vacated sub nom. Helling v. McKinney*, 502 U.S. 903 (1991) *and judgment reinstated*, 959 F.2d 853 (9th Cir. 1992), *aff'd sub nom. Helling v. McKinney*, 509 U.S. 25 (1993).

[4] *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999).

It has been held in this District with respect to indigent prisoners that:

> Instead, this court notes several concerns regularly discussed by the Courts of Appeal on the application of Rule 706:
> (1) Whether expert testimony is necessary or significantly useful for the trier of fact to comprehend a material issue in a case.
> (2) Whether the moving party has produced some evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolved or understood through expert testimony.
> (3) Whether certain circumstances or conditions of a party limit the effectiveness of the adversary process to result in accurate factfinding.
> (4) Whether the legal basis of plaintiff's claim entitles him to special consideration by the courts.
>
> It is this court's opinion that these factors should be considered by courts in exercising their discretion under Rule 706.[5]

This Court adopts that standard.

The basis for the motion before the Court is that an expert designated by Defendant, Will Adams, is expected to provide opinion testimony regarding the policies, regulations, laws, procedures, protocols, training and matters related to use of force within CDCR. Assuming without deciding that such testimony is both admissible and falls within the scope of expert testimony, it does not present a situation that requires the Court appoint an expert. In resolving the motion before it the Court looks to two significant factors: (1) whether the proffered testimony is necessary or significantly useful in comprehending a material fact; and (2) whether Plaintiff has produced some evidence that demonstrates a serious dispute resolvable through expert testimony. Most of, if not all, the subjects upon which Adams is expected to testify to the extent they may be relevant to the issues to be

---

[5] *Gorton v. Todd*, 793 Fed. Supp.2d 1171, 1185 (E.D. Cal. 2011).

presented to the jury do not fall within the scope of "expert" testimony.  Nor does it appear that the evidence likely to be introduced in this case will create a serious dispute between the parties requiring resolution by the use of expert testimony.[6]

More importantly, however, are two factors.  First, the motion, being brought two months prior to trial is untimely.  Rule 706(b) requires the expert to advise the parties of any findings made, and may be deposed by the parties.  Two months prior to trial is simply too short of a time to permit the appointed expert to comply with the requirements of the rule with respect to the witness' findings and allow the parties to depose.

Second, Rule 706(a) specifically provides:  "The Court may appoint any expert the parties agree on and any of its own choosing.  But the court may only appoint someone who consents to act."  Plaintiff has not identified any person to be called as an expert witness.  The Court does not maintain a roster of qualified "experts" to call.  Consequently, as a practical matter, the Court is unable to appoint an expert.

Accordingly, Plaintiff's Request for Appointment of Expert Witness at **Docket 101** is **DENIED**.

**IT IS SO ORDERED** this 28th day of January, 2016.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[6] In its prior orders the Court has defined the scope of the matters at issue in this case and the admissibility of certain evidence.  Dockets 88, 89.  *The parties are reminded that the scope of the evidence to be introduced at trial must comply with those orders*.