UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>KATHLEEN ALLISON, Warden, *et al.*,<br><br>    Defendants. | Case No. 1:11-cv-001749-RRB<br><br>**ORDER DENYING**<br>**MOTION AT DOCKET 110** |

At **Docket 110** Plaintiff Ronald F. Martinez has requested that the Court obtain the attendance of Correctional Sgt. Dave Johnson at trial. Plaintiff's motion was filed on January 19, 2016.[1] Concurrently therewith Plaintiff filed his Amended Witness List adding Johnson.[2]

The Trial Scheduling and Case Management Order specifically provided: (1) witness lists were to be filed not later than January 11, 2016; and (2) Plaintiff was ordered to notify the court of names and addresses of unincarcerated witnesses who refused to testify willingly not later than January 15, 2016.[3] Plaintiff's Witness List, which listed only himself

---

[1] The date it was placed in the mail, the deemed filing date under the prison "mailbox" rule.

[2] Docket 109.

[3] Docket 100.

as a witness to be called, was filed January 14, 2016.[4] Thus, Plaintiff's witness list was itself three days late; and his amended witness list eight days late. Even Plaintiff's notification that Johnson refused to voluntarily appear was four days late.

Here it is clear that Plaintiff has failed to comply with the Court's Trial Scheduling and Case Management Order.[5] Indeed, the relief sought by Plaintiff is that he not be held to the deadlines specified. In short, Plaintiff seeks modification of that Order. While the Court is not inclined to impose any sanction on Plaintiff for his failure to timely comply with the Trial Scheduling and Case Management Order in the first instance, granting him the additional relief required to permit the filing of the Amended Witness List presents a different issue.  For the reasons that follow, the Court declines to order the attendance of Correctional Sgt. Dave Johns at trial.

First, the Court notes that Plaintiff has failed to show that the failure to initially list Johnson as a witness was either inadvertent or the product of excusable neglect.[6] Indeed, Plaintiff's very motion eviscerates any such finding. In his declaration Plaintiff acknowledges that he "predicted that defense counsel * * * would not include Sgt. D. Johnson in Defendant's witness list."[7] Plaintiff contends that he was required to wait until

---

[4] Docket 107.

[5] For which the Court may impose sanctions.  Fed. R. Civ. P. 16(f).

[6] *Cf. Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387 (9th Cir. 1988) (upholding dismissal under Fed. R. Civ. P. 60 for failure to comply with the order of the court).

[7] Docket 111.

Defendant filed his witness list to determine if his request for the attendance of Johnson would be necessary.

If Plaintiff believed the testimony of Johnson was relevant and necessary it was his responsibility to list and ensure Johnson's attendance at trial. Even if Defendant had listed Johnson as a potential witness would not have ensured Johnson's presence at the time Plaintiff presented his case-in-chief. Moreover, nothing in the rules of procedure require that a party call to testify every witness listed. Indeed, the requirement that a party list all potential witnesses is to preclude "surprise" witnesses at trial. Here, the fact that he expected Defendant not to call Johnson and had not received a response from Johnson regarding his willingness to testify, eliminates any plausible excuse, e.g., inadvertence or excusable neglect, for Plaintiff's omission of Johnson from his witness list.

Second, Johnson's expected testimony, indicates that it is unnecessary to any issue to be presented to the jury. In his Amended Witness List Plaintiff states:

> 2. Correctional Officer D. Johnson will testify that he was assigned as a Sergeant on April 24, 2010 and supervising security coverage for contraband surveillance watch. Sgt. D. Johnson will testify he ordered Defendant Davis to remove/replace the contraband surveillance watch (CSW) restraints from Martinez and about what he witnessed prior to Defendant Davis body slamming Martinez onto the ground face first.[8]

In a Crime/Incident Report attached to Plaintiffs Admissions and Denials to Defendants Statement of Undisputed Facts and Plaintiffs Statement of Disputed Facts, Sgt. Johnson stated:

---

[8] Docket 109.

ORDER DENYING MOTION AT DOCKET 110
*Martinez v. Allison* 1:11-cv-01749-RRB – 3

> On Saturday, April 24, 2010 at approximately 1652 hours, I was supervising Officer Davis while he was applying waist restraints to Inmate Martinez T-86494 who is currently on Contraband Surveillance Watch. Before the handcuffs were applied. a sock and a tube were slipped over Inmate Martinez's hands and wrists to prevent him from retrieving contraband. While applying the waist restraints Officer Davis had Inmate Martinez face away from him, and he proceeded to apply the handcuffs. Inmate Martinez became argumentative about his handcuffs, saying they were too tight and he wanted them loosened at which time Officer Davis rechecked the handcuffs and found them to be adequate. When Officer Davis began applying the restraints, around Inmate Martinez's waist he attempted to pull the chains away from Davis stating "Why are you being a little bitch" while turning towards Officer Davis to face him, Officer Davis stopped Inmate Martinez and ordered him to stay facing away from him. Officer Davis again attempted to apply the restraints around Inmate Martinez's waist when he tried to pull the restraints away from his body and turn around again stated "Why are you being a little bitch" necessitating Officer Davis to force Inmate Martinez to the ground for compliance. Inmate Martinez was held on the ground until adequate personnel responded, during this time medical was summoned for a CDCR 7219 medical examination.[9]

What is puzzling to the Court is how Sgt. Johnson's testimony might favor Plaintiff. To the contrary, if Sgt. Johnson's testimony follows his written report, because it logically tends to support a finding that Defendant *did not* use excessive force, it would more likely benefit the Defense. There is no indication that nearly six years later Sgt. Johnson would testify that he ordered Defendant to remove/replace the contraband surveillance watch (CSW) restraints. Indeed, Sgt. Johnson's report unequivocally indicates that Sgt. Johnson would not so testify.

Accordingly, Plaintiff's Request for Obtaining Attendance of Unincarcerated Witness at **Docket 110** is **DENIED**.

---

[9] Docket 85, p. 88.

The Clerk of the Court is directed to return to Plaintiff any witness fees Plaintiff submitted to the Court.

**IT IS SO ORDERED** this 29th day of February, 2016.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE