UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RONALD F. MARTINEZ,

     Plaintiff,

vs.

KATHLEEN ALLISON, Warden, *et al.*,

     Defendants.

Case No. 1:11-cv-001749-RRB

**ORDER DENYING MOTION
FOR RECONSIDERATION
[DOCKET 128]**

At **Docket 128** Plaintiff Ronald F. Martinez has moved the Court to reconsider its Order denying his motion to amend his witness list to include Correctional Sgt. Dave Johnson on his witness list.[1]

Under the law of the case doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same or a higher court in the same case.[2] However, the law of the case doctrine is not a shackle without a key. As long as a district court retains jurisdiction over a case, it has inherent power to reconsider and modify an interlocutory order for sufficient cause.[3] That inherent power is not unfettered: a court may depart from the law of the case doctrine where: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes

---

[1]  Docket 122.

[2]  *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).

[3]  *City of Los Angeles, Harbor Div. v. Santa Monica*, 254 F.3d 882, 885 (9th Cir. 2001).

reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial."[4] Only the first basis, that the order was clearly erroneous and that its enforcement would work a manifest injustice, applies to the current motion.

The Court notes that, as Defendant pointed out in his opposition to Plaintiff's motion, Johnson was not included on Defendant's Witness List filed in November 2014.[5] Thus, as he candidly acknowledged in his motion to amend his witness list, Plaintiff had good reason to believe that Defendant would not include Johnson on his final witness list. As noted in the order sought to be reconsidered, even if Plaintiff may have erroneously believed that the Defendant would have listed Johnson as a witness would not have ensured his presence at all, let alone during the presentation of Plaintiff's case-in-chief.

In its Trial Scheduling and Case Management Order the Court provided Plaintiff specific instructions for obtaining the attendance of unincarcerated witnesses, including the date, January 15, 2016, by which he must provide the name and location of witnesses.[6] Plaintiff acknowledges he did not timely comply with the scheduling order.

Plaintiff's suggestion that because the Court also included in its Order that "Other than his own testimony, Plaintiff is not required to call witnesses at trial" somehow excuses

---

[4] *Jeffries v. Wood,* 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc) (footnote and internal quotes omitted); *see Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995); *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[5] Docket 54. A comparison between that witness list and Defendant's final witness list is that, other than to omit Dr. Dunlap, Defendant's final witness list duplicated his first witness list.

[6] Docket 100, pp. 3–4, 6.

ORDER DENYING MOTION FOR RECONSIDERATION [DOCKET 128]
*Martinez v. Allison* 1:11-cv-01749-RRB – 2

his failure to comply with the specific instructions regarding obtaining the attendance of witnesses he intended to call at trial is unpersuasive. While Plaintiff may not be *required* to call witnesses, nothing in the Court's Scheduling Order precludes him from calling, or even suggests that he need not call, witnesses at trial to prove his case. Indeed, taken as a whole, the Scheduling Order clearly and unequivocally informs Plaintiff of his responsibility for obtaining the attendance of those witnesses he believed necessary to the presentation of his case. Finally, in his pending motion Plaintiff acknowledges that he is presently unaware of where Johnson is located, making timely service of the subpoena at this late date more likely than not impossible. Adding Johnson as a witness at this late date would likely require a continuance, which, given the age of this matter, would result in an injustice for all parties.

While this Court must liberally construe papers filed by *pro se* parties,[7] *pro se* parties must none-the-less follow the applicable rules of practice and procedure as well as the specific orders issued by the court.[8] Plaintiff has failed to show that his failure to timely comply with the Trial Scheduling and Case Management Order was either inadvertent or the product of his excusable neglect.  In the interests of justice however, the Court will permit Plaintiff to use the reports authored by Sgt. Johnson for any reasonable purpose

---

[7]  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).

[8]  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (overruled in part on other grounds in *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc)).

that may be relevant to the issues presented and allow him to present the arguments he seeks without delaying the trial.

Accordingly, except as set forth in the immediately preceding paragraph, Plaintiff's Motion for Relief from a Judgment or Order at **DOCKET 128** is hereby **DENIED**.

**IT IS SO ORDERED** this 16th day of February, 2016.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE